```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             24 Cr. 442 (NRB)

SARAH VALERIO PUJOLS,

                Defendant.

------------------------------x
                                         July 23, 2024
                                         11:05 a.m.

Before:

              HON. NAOMI REICE BUCHWALD,

                                         U.S. District Judge


                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  BENJAMIN GIANFORTI
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  MARISA CABRERA
```

1             (Case called)
2             LAW CLERK:  Is the government present and ready to
3    proceed?
4             MR. GIANFORTI:  Yes.
5             THE COURT:  State your name for the record, please.
6             MR. GIANFORTI:  Good morning.  Ben Gianforti for the
7    government.
8             LAW CLERK:  Is the defendant present and ready to
9    proceed?
10            MS. CABRERA:  Yes.  I'm Marisa Cabrera of Federal
11   Defenders.  I am joined at counsel table with my legal intern,
12   if that is OK with your Honor, Naamit Tubul, and we are here on
13   behalf of Ms. Pujols.
14            THE COURT:  How do you pronounce her last name.
15            THE DEFENDANT:  Valerio Pujols.
16            THE COURT:  Valerio Pujols.  Like the baseball player.
17   OK.  Got it.
18            So, if I am correct, based on the papers before me,
19   Ms. Pujols is going to waive indictment and enter plea of
20   guilty pursuant to the plea agreement.
21            MS. CABRERA:  Yes, your Honor.
22            THE COURT:  So, Ms. Pujols, actually, before we
23   proceed further, let me enter an oral Rule 5(f) order so I
24   don't forget.
25            I direct the prosecution to comply with its obligation

1    under *Brady v. Maryland* and its progeny to disclose to the
2    defense all information, whether admissible or not that is
3    favorable to the defendant, material either to guilt or to
4    punishment, and known to the prosecution.  Possible
5    consequences for non-compliance may include dismissal of
6    individual charges or the entire case, exclusion of evidence
7    and professional discipline or court sanctions on the attorneys
8    responsible.
9               I will be entering a written order more fully
10   describing this obligation and the possible consequences of
11   that and I direct the prosecution to review and comply with
12   that order.
13              Mr. Gianforti, do you understand the obligations
14   imposed upon you and agree to fulfill them?
15              MR. GIANFORTI:  I do, your Honor.
16              THE COURT:  So, Ms. Pujols, would you stand for a
17   moment, please?  Would you raise your right hand?
18              Do you solemnly swear that the answers to the
19   questions I'm about to ask you will be the truth, the whole
20   truth, and nothing but the truth, so help you God?
21              THE DEFENDANT:  I do.
22              THE COURT:  Would you tell me your first name?
23              THE DEFENDANT:  Sarah Valerio Pujols.
24              THE COURT:  How old are you?
25              THE DEFENDANT:  43, I just turned.

```
 1              THE COURT:  Are you sure?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  OK.
 4         And what is the highest grade in school that you
 5    completed?
 6              THE DEFENDANT:  High school.
 7              THE COURT:  You can sit down.
 8         Are you currently or have you recently been under the
 9    care of a doctor or mental health professional?
10              THE DEFENDANT:  No, your Honor.
11              THE COURT:  Have you ever been hospitalized or treated
12    for alcoholism or narcotics addiction?
13              THE DEFENDANT:  No.
14              THE COURT:  Are you under the influence of any drug or
15    alcohol today?
16              THE DEFENDANT:  No.
17              THE COURT:  How are you feeling physically today?
18              THE DEFENDANT:  Good.
19              THE COURT:  So, Ms. Pujols, did you sign this waiver
20    of indictment?
21              THE DEFENDANT:  Yes.
22              THE COURT:  And before you signed it, did you discuss
23    it with your lawyer?
24              THE DEFENDANT:  I did.
25              THE COURT:  Did she explain it to you?
```

O7N5pujP

1           THE DEFENDANT:  Yes.
2           THE COURT:  And do you understand that you are under
3   no obligation to waive indictment and that if you did not waive
4   indictment and the government wanted to prosecute you, that
5   they would have to present your case to a grand jury which
6   might or might not indict you?
7           THE DEFENDANT:  Yes.
8           THE COURT:  And do you realize that by signing this
9   waiver of indictment that you have given up your right to have
10  this case presented to a grand jury?
11          Do you understand what a grand jury is?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Have you seen a copy of the information?
14          THE DEFENDANT:  Yes, I have.
15          THE COURT:  Do you want me to read it out loud or do
16  you waive its public reading?
17          THE DEFENDANT:  I waive it.
18          THE COURT:  Have you had sufficient time to consult
19  with your attorney about the charges against you and your plea?
20          THE DEFENDANT:  Yes.
21          THE COURT:  And have you been satisfied with the
22  services that Ms. Cabrera has given to you?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Are you ready to enter a plea?
25          THE DEFENDANT:  Yes.

(212) 805-0300

1   THE COURT:  What is your plea; guilty or not guilty?
2   THE DEFENDANT:  Guilty.
3   THE COURT:  So, Ms. Pujols, in order to determine
4   whether your plea is voluntary and made with a full
5   understanding of the charges against you and the consequences
6   of your plea, I will make certain statements to you and I am
7   going to ask you certain questions.  I want you to understand
8   that I need not accept your plea unless I am satisfied that you
9   are in fact guilty and that you fully understand your rights.
10   Now, under this plea agreement, the government has
11   agreed to accept a guilty plea from you to Count One of the
12   information, and Count One charges you with operating an
13   unlicensed money transmission business and this crime carries a
14   maximum term of imprisonment of five years, a maximum term of
15   supervised release of three years, a maximum fine of $250,000,
16   and a $100 mandatory special assessment.
17   Do you understand that?
18   THE DEFENDANT:  Yes.
19   THE COURT:  Do you understand that in consideration
20   for your plea of guilty, that the government has agreed not to
21   prosecute you further except for possible criminal tax
22   violations for your operation of an unlicensed money
23   transmission business between the years of 2014 and 2019?
24   THE DEFENDANT:  Yes.
25   THE COURT:  Do you understand that it is part of your

1  plea agreement to admit the forfeiture allegations with respect
2  to Count One and to forfeit to the United States a sum of
3  $61,215?
4           THE DEFENDANT:  Yes.
5           THE COURT:  And that you have consented to the entry
6  of the consent order of forfeiture today?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Do you understand that you have the right
9  to plead not guilty and the right to a trial on the charges
10 against you and, in fact, the right to a jury trial?
11          THE DEFENDANT:  Yes.
12          THE COURT:  At this time I would ask the government,
13 please, to recite the elements of the crime charged.
14          MR. GIANFORTI:  Yes, your Honor.
15          In order to prove the defendant guilty beyond a
16 reasonable doubt the government would have to prove the
17 following elements:
18          First, that the business in question was an unlicensed
19 money transmitting business; second, that the defendant
20 controlled, conducted, managed, supervised, directed or owned
21 the money transmission business with knowledge that it was used
22 as an unlicensed money transmitting business; and third, that
23 operation of the unlicensed money transmitting business
24 affected interstate or foreign commerce.
25          THE COURT:  Ms. Pujols, you understand that if you

1  plead not guilty and went to trial, that the burden would be on
2  the government to prove each and every element of the crime
3  charged beyond a reasonable doubt, in order to convict you?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Do you understand that at a trial you
6  would have the right to be represented by an attorney at all
7  stages of the proceeding and, if necessary, an attorney would
8  be appointed for you?
9          THE DEFENDANT:  Yes.
10         THE COURT:  Do you understand that at a trial you
11 would have the right to confront and cross-examine witnesses
12 against you and the right not to be compelled to incriminate
13 yourself?
14         THE DEFENDANT:  Yes.
15         THE COURT:  Do you understand that at a trial that you
16 would be presumed innocent until such time, if ever, the
17 government established your guilt by competent evidence to the
18 satisfaction of the trier of fact beyond a reasonable doubt?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Do you understand that at a trial you
21 would have the right to testify and would be entitled to
22 compulsory process, in other words, the right to call other
23 witnesses on your behalf?
24         THE DEFENDANT:  Yes.
25         THE COURT:  And you understand that if your plea is

1   accepted, that there will be no further trial of any kind so
2   that by pleading guilty you are waiving your right to a trial?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Do you understand that if you are
5   sentenced to a period of supervised release and if you violate
6   the terms of your supervised release, that an additional period
7   of jail time may be imposed without credit for the time that
8   you previously spent on supervised release?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Do you understand that in connection with
11  your plea of guilty, that the Court may ask you certain
12  questions about the offense to which you have pled and if you
13  answer those questions under oath and on the record and in the
14  presence of your lawyer that your answers, if false, may later
15  be used against you in a prosecution for perjury or false
16  statement?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Ms. Pujols, what country are you a citizen
19  of?
20          THE DEFENDANT:  United States.
21          THE COURT:  Ms. Pujols, did you sign the plea
22  agreement earlier today?
23          THE DEFENDANT:  Yes.
24          THE COURT:  And before you signed it, did you discuss
25  it with your lawyer?

1           THE DEFENDANT:  Yes.
2           THE COURT:  Before you signed, did you read it?
3           THE DEFENDANT:  Yes.
4           THE COURT:  So, separate and apart from the plea
5    agreement, have any threats or promises been made to you to
6    make you plead guilty?
7           THE DEFENDANT:  No.
8           THE COURT:  Again, separate and apart from the plea
9    agreement, have any understandings or promises been made to you
10   concerning the sentence that you will receive?
11          THE DEFENDANT:  No.
12          THE COURT:  And is your plea voluntary, in other
13   words, of your own free will?
14          THE DEFENDANT:  Yes.
15          THE COURT:  So I'm going to review some portions of
16   the plea agreement with you.  First, do you understand that the
17   plea agreement contains a stipulated guidelines range and that
18   range is from 18 to 24 months in prison?
19          THE DEFENDANT:  Yes.
20          THE COURT:  And that the applicable fine range in your
21   case is from $7,500 to $75,000?
22          THE DEFENDANT:  Yes.
23          THE COURT:  Do you understand that neither party may
24   argue for an upward or downward departure from the stipulated
25   guidelines range but each party may seek a sentence outside of

1    the stipulated guidelines range?
2             THE DEFENDANT:  Yes.
3             THE COURT:  Do you understand that nothing in this
4    agreement limits the right of the government to seek denial of
5    the adjustment for acceptance of responsibility if, in its
6    view, you have failed to clearly demonstrate acceptance of
7    responsibility?
8             THE DEFENDANT:  Yes.
9             THE COURT:  Do you understand that, similarly, nothing
10   in the agreement limits the right of the government to seek an
11   enhancement for obstruction of justice should it be determined
12   that you have previously engaged in conduct unknown to the
13   government at the time of signing this agreement that
14   constitutes an obstruction of justice or if you commit another
15   crime after signing this agreement?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Do you understand that neither the
18   probation office nor the Court is bound by the guideline
19   stipulation and that the sentence to be imposed upon you is
20   determined solely by the Court?
21            THE DEFENDANT:  Yes.
22            THE COURT:  Do you understand that it is part of this
23   agreement that you will not file a direct appeal or otherwise
24   challenge any sentence within or below the stipulated
25   guidelines range?

1              THE DEFENDANT:  Yes.
2              THE COURT:  And that you have also agreed not to
3     appeal or otherwise challenge a forfeiture amount that is equal
4     to or less than $61,215?
5              THE DEFENDANT:  Yes.
6              THE COURT:  And, likewise, that you will not challenge
7     your special assessment amount that is less than or equal to
8     $100?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Also that you will not challenge any fine
11    that is equal to or less than $75,000?
12             THE DEFENDANT:  Yes.
13             THE COURT:  And are you pleading guilty because you
14    are in fact guilty?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Is it accurate that in connection with
17    your plea of guilty and in consultation with your lawyer that
18    you have chosen not to request discovery materials under
19    Rule 16, and also that you are waiving the right to receive
20    information under the case of *Brady v. Maryland*, *Giglio v. The*
21    *United States* or Jencks Act material other than information
22    that would establish your factual innocence?
23             THE DEFENDANT:  Yes.
24             THE COURT:  And do you understand that this plea
25    agreement does not bind any federal, state, or local

1    prosecuting authority other than United States Attorney's
2    Office for the Southern District of New York?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Do you understand that, apart from any
5    possible proffer agreement that you may have entered into with
6    the U.S. Attorney's office, that this plea agreement supersedes
7    any prior understanding or agreement with the U.S. Attorney's
8    office and yourself and that no additional understandings or
9    conditions have been entered into other than those set forth in
10   the agreement?
11            THE DEFENDANT:  Yes.
12            THE COURT:  And that none will be entered into unless,
13   in writing, signed by all parties?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Ms. Pujols, did you commit the offense
16   that you have been charged with in the information?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Could you tell me what you did, please?
19            THE DEFENDANT:  In 2019, I transported money from the
20   Bronx, New York, to the Dominican Republic, without the
21   appropriate licenses.  I received money in exchange for my
22   transportation of the money.  I should have known that money
23   was the product of unlawful activity.  I knew what I was doing
24   was wrong and illegal and I am very sorry.
25            THE COURT:  Mr. Gianforti, is there anything else you

1    would like me to ask?
2           MR. GIANFORTI:  No.  That's fine, your Honor.  Thank
3    you.
4           THE COURT:  I don't recall if I heard anything related
5    to venue in what she said.
6           MS. CABRERA:  I think in the first sentence she said
7    that she transported money from the Bronx, New York.
8           THE COURT:  I'm sorry.  I just didn't hear.  Thank
9    you.
10          MS. CABRERA:  To the Dominican Republic.
11          THE COURT:  Ms. Pujols, do you still wish to plead
12   guilty?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Ms. Cabrera, do you know of any reason why
15   Ms. Pujols ought not plead guilty?
16          MS. CABRERA:  No, your Honor.
17          THE COURT:  Ms. Pujols, I am satisfied that you
18   understand the nature of the charge against you and the
19   consequences of your plea and that your plea is made
20   voluntarily and knowingly and that there is a factual basis for
21   it.  Accordingly, I will accept your plea of guilty and direct
22   that a presentence report be prepared.
23          So, my calculations to the presentence report ought to
24   be ready by October 14.  Is there anything special that I need
25   to know about setting a sentencing date?

1              MS. CABRERA:  Special in what way, your Honor?

2              THE COURT:  Well, like you have a trial.

3              MS. CABRERA:  I see.

4              THE COURT:  Or you are going on a three-month cruise
5     to the Antarctic.

6              MS. CABRERA:  I see.  I wish.  At this juncture I do
7     not.  I presume we are looking -- I guess what months are we
8     looking at right now?

9              THE COURT:  I think realistically we are looking into
10    November, without ruining Thanksgiving for us.

11             MS. CABRERA:  Yes, I'm available in November.
12    Actually, I'm sorry.  I'm getting married in November.

13             THE COURT:  You know, well, I used to call that
14    special, I'm a traditionalist, but now I gather it is just more
15    casual these days.

16             MS. CABRERA:  Sorry.  I need to mark it off in my
17    calendar.

18             THE COURT:  Yes.  You should show up.

19             MS. CABRERA:  So I would just ask if not the week of
20    November 4th, if possible.

21             THE COURT:  Don't worry, I am excluding it.  You are
22    sure that's the only time you are really out of commission?
23    You can tell me the truth.  I don't need to know all the
24    details, you figure out.  It is going to happen on a certain
25    day, you are going to have to do certain things in advance and

1  you might be taking a little trip afterwards or you might not.
2  Give me the beginning date and the end date that I shouldn't
3  use.
4            MS. CABRERA:  Sure.  Yes.  If we can avoid the week of
5  November 4th I think that should be fine.
6            (The Court and law clerk confer)
7            THE COURT:  Let me suggest the following.  Let's give
8  Ms. Cabrera until Friday the 25th of October; let's give the
9  government until November 6; and then let me let Ms. Cabrera
10 pick between Thursday, November 14 and Tuesday, November 19.
11           MS. CABRERA:  The 14th I think works.
12           THE COURT:  So let's say 11:00.  Is that good?
13           (The Court and law clerk confer)
14           THE COURT:  I apologize.  12:30 on the 14th.  OK?
15           MR. GIANFORTI:  That works for the government.
16           THE COURT:  Thank you.  Anything else?
17           MR. GIANFORTI:  Not from the government.
18           MS. CABRERA:  Nothing from the defense.
19           THE COURT:  Very good.  And I won't tell your fiancée
20 that I asked if there was anything special that I should avoid,
21 and you asked what was special, and then it turned out that
22 there was something traditionally considered special that --
23           MS. CABRERA:  I have since, in the midst of this
24 appearance, marked my calendar off so I'm not -- I have
25 reserved that week.  (Adjourned)